IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

      Plaintiff,                        No. CIV S-06-0516 DFL DAD P

      vs.

RODERICK Q. HICKMAN, et al.,      ORDER AND

      Defendants.                FINDINGS AND RECOMMENDATIONS

/

      Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an incomplete declaration in support of his request to proceed in forma pauperis.  He has not submitted a certified copy of his inmate trust account statement nor has plaintiff had an authorized officer complete the certificate reflecting his average balance and monthly deposits into his trust account.  Therefore, the court will not issue an order granting plaintiff leave to proceed in forma pauperis.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
3  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
4  U.S.C. § 1915A(b)(1),(2).
5         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
11  Cir. 1989); Franklin, 745 F.2d at 1227.
12         A complaint, or portion thereof, should only be dismissed for failure to state a
13  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
14  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
15  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
16  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
17  complaint under this standard, the court must accept as true the allegations of the complaint in
18  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
19  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
20  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
21         In his complaint plaintiff has named three supervisory defendants:  Roderick
22  Hickman as "head" of the California Department of Corrections and Rehabilitation (CDCR),
23  John Dovey as the director of the Division of Adult Institutions for CDCR, and Jeanne Woodford
24  as the "Under Secretary" of CDCR.  (Compl. at 3, 6.)  Plaintiff claims that these defendants have
25  "adopted, implemented, ratified and/or failed to abolish numerous unnecessary and
26  racial/disability discriminatory policies, practices and procedures that targets specifically

1  Black/Latino (Azb-Tripple C.C.C.M.S.) inmate prisoners, such as Plaintiff . . . ." (Id. at 9.)
2  Plaintiff contends that he has been classified as "Closed A or B" and that this classification
3  prevents him from obtaining good time credits, effects his parole release date, confines him to his
4  cell for most of the day and restricts his access to showers, recreation, phone calls, and law
5  library. (Id. at 10.)

6        Supervisory personnel are generally not liable under § 1983 for the actions of their
7  employees under a theory of respondeat superior and, therefore, when a named defendant holds a
8  supervisorial position, the causal link between him and the claimed constitutional violation must
9  be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
10 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the
11 involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board
12 of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Here, plaintiff has failed to provide specific
13 allegations concerning these named defendants. In this regard, plaintiff's complaint does not
14 identify the policies that were allegedly promulgated by the defendants or explain how he has
15 been adversely affected thereby. Plaintiff has not alleged facts demonstrating that the named
16 supervisorial defendants were involved in his classification, which is generally determined by a
17 classification committee at the facility where the prisoner is incarcerated. Furthermore, based on
18 plaintiff's September 20, 2006, filing of a notice of change of address, it appears that he is no
19 longer in custody and that his claim regarding his classification has been rendered moot.
20 Therefore, the court will recommend that the claims involving defendants Hickman, Dovey and
21 Woodford be dismissed with prejudice.

22       As to the remaining defendants, the court finds that they are employed at Pleasant
23 Valley State Prison which is located in the Fresno Division of the U.S. District Court for the
24 Eastern District of California. Moreover, it appears that plaintiff's claims against these
25 defendants are duplicative of claims raised by him in Turner v. Woodford, CIV F-05-0695 AWI
26

1  LJO P.[1]  Plaintiff has submitted the same exhibits with his complaint here that were submitted in

2  his civil rights action filed in Fresno.[2]  In addition, the court notes that in CIV F-05-0695 AWI

3  LJO P, plaintiff has been granted leave to file an amended complaint.  (See Order, filed 11/9/06.)

4  Therefore, plaintiff should present all of his claims concerning the Pleasant Valley State Prison

5  defendants in any amended complaint he elects to file in CIV F-05-0695 AWI LJO P.

6  Accordingly, the court will not transfer this case to the Fresno Division.

7       Next, plaintiff has filed a motion for a temporary restraining order.  In that

8  motion, plaintiff seeks an order to enjoin the following actions by defendants:

> harassing, threatening, entraping [sic], inducing or staging violence
> or incidents of murder, retaliation, provolking [sic] assaults, falsify
> or fabricating reports for inhumane punishments of torture, mail
> tampering concealing and destroying legal mail and documents,
> using prison vending business services for extortion purposes and
> punishment tactics for grooming standards adverse to paid product
> bought and denied by misuse of grooming standards to deprive
> purchased property through prison vendors or business,
> withholding and returning indigent U.S. mail address to State and
> Federal government outside agencies the mailroom at P.V.S.P.
> refused to mail outgoing U.S. mail illegally being obstructed, racial
> discrimination, illegal adseg placement for torture and (G.B.I.)
> purposes of conspired serious harm and atrocities, of punishment
> without "Due Process" illegal classifications for reprisal which
> egnor [sic] (A.P.A.) Guideline criteria and standards for classifying
> prisoners, unauthorized exclusions from Federally funded prison
> job and vocational programs resulting discrimination.  Concealing
> and destroying "602 grievences" [sic] on police or officer
> misconduct, deprivation of health care services, illegal theft and
> destruction of inmate property taken . . . [illegible] bailment by the
> guards and official and never returned and any other act or actions
> of misconduct by the Defendant(s), et. al. that Plaintiff
> per...[illegible] or has an "adverse" affect on his "welfare", "life",

---

[1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2]  The following exhibits filed in this case were also submitted in F-05-0695 AWI LJO P:
Ex. B - rule violation for Circumventing Hot Weather Emg. Plan, dated 8/21/04;
Ex. D at 2 - rule violation for Non-compliance with grooming standards, dated 2/27/05;
Ex. D at 4 - rule violation for failure to meet CDC grooming standards, dated 11/23/04;
Ex. D at 6 - rule violation for theft of state food, dated 4/20/05;
Ex. I - rule violation for theft of state property (card stock paper), dated 12/15/04; and
Ex. J - inmate grievance form submitted 7/28/04

"liberty", "safety["], "property" and protection while under the defendants' charge.

(Mot. for T.R.O. at 2.) Local Rule 65-231(c) requires that there be a viable complaint and that a motion for a temporary restraining order be accompanied by a brief addressing all relevant legal issues presented by the motion and an affidavit in support of the alleged existence of irreparable injury. Plaintiff's motion fails to meet the requirements of the rule. Accordingly, plaintiff's motion for a temporary restraining order will be denied as defective.

Finally, plaintiff has filed a motion for the appointment of counsel. In light of these findings and recommendations, plaintiff's motion for appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 13, 2006 application requesting leave to proceed in forma pauperis is denied as defective;

2. Plaintiff's April 10, 2006 motion for the appointment of counsel is denied;

3. Plaintiff's April 12, 2006 motion for a temporary restraining order is denied as defective.

Also, IT IS HEREBY RECOMMENDED that

1. The claims concerning defendants Hickman, Dovey and Woodford be dismissed for failure to state a claim;

2. The remaining claims be dismissed as duplicative; and

3. This action be dismissed.

DATED: November 16, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
turn0516.156